# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEGESOURCE, INC., a California corporation,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>ACADEMYONE, INC., a Pennsylvania corporation,<br><br>　　　　　　　　　　　　Defendant. | CASE NO. 08-CV-1987 H (CAB)<br><br>**ORDER**<br><br>**(1) GRANTING DEFENDANT'S MOTION TO STAY; &**<br><br>**(2) DENYING PLAINTIFF'S EX PARTE APPLICATION TO ENJOIN THE SECOND-FILED ACTION PENDING APPEAL** |

　　　　On November 22, 2011, Defendant AcademyOne, Inc. filed a motion to transfer this case to the Eastern District of Pennsylvania or stay the case until the Pennsylvania action is complete. (Doc. No. 121.) On December 5, 2011, Plaintiff CollegeSource, Inc. filed its response in opposition to the motion. (Doc. No. 126.) On December 12, 2011, Defendant filed its reply. (Doc. No. 131.) On December 15, 2011, Plaintiff filed an *ex parte* application to enjoin the Pennsylvania action pending its appeal. (Doc. No. 134.) On December 22, 2011, Defendant filed its response in opposition to the application to enjoin. (Doc. No. 135.) The Court, pursuant to its discretion under the Local Rule 7.1(d)(1), determines these matters to be appropriate for resolution without oral argument, submits it on the parties' papers, and vacates the motion hearing set for January 9, 2012. For the following reasons, the Court grants

Defendant AcademyOne, Inc.'s motion to stay. The Court denies Plaintiff's application to enjoin the Pennsylvania action pending appeal.

**Background**

CollegeSource filed this action on October 27, 2008, alleging six causes of action: (1) violation of the United States Computer Fraud and Abuse Act, 18 U.S.C. §1030; (2) violation of the California Computer Crimes Act, Cal. Pen. Code § 502; (3) breach of contract; (4) misappropriation; (5) unfair competition, in violation of Cal. Bus. Prof. Code § 17200; and (6) unjust enrichment. (Doc. No. 1.) On December 3, 2008, AcademyOne filed a motion to dismiss CollegeSource's Complaint for lack of personal jurisdiction or transfer to the Eastern District of Pennsylvania. (Doc. No. 8.) On February 23, 2009, the Court denied AcademyOne's motion to dismiss without prejudice to refile after additional jurisdictional discovery had been conducted. (Doc. No. 46.) On June 19, 2009, CollegeSource amended its complaint, adding causes of action for trademark infringement, in violation of 15 U.S.C. § 1114, and unfair competition, in violation of the Lanham Act, 15 U.S.C. § 1125. (Doc. No. 61.) On July 27, 2009, AcademyOne again filed a motion to dismiss for lack of personal jurisdiction or transfer venue. (Doc. No. 66.) On August 24, 2009, the Court granted AcademyOne's motion to dismiss. (Doc. No. 93.) On September 21, 2009, CollegeSource filed a Notice of Appeal. (Doc. No. 99.)

On July 20, 2010, CollegeSource filed a complaint against AcademyOne in the United States District Court for the Eastern District of Pennsylvania, CollegeSource, Inc. v. AcademyOne, Inc., Case No. 10-cv-3542-MAM ("Pennsylvania action"). In the Pennsylvania action, CollegeSource alleged causes of action for: (1) violation of the United States Computer Fraud and Abuse Act, 18 U.S.C. §1030; (2) breach of contract; (3) unjust enrichment; (4) trademark infringement under the Lanham Act, 15 U.S.C. §1114; and (5) unfair competition under the Lanham Act, 15 U.S.C. § 1125(a). On August 8, 2011, in a published opinion, the Ninth Circuit reversed the dismissal of this action for lack of personal jurisdiction and remanded the matter to this Court "for further proceedings consistent with this opinion." See CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066, 1080 (9th Cir. 2011).

**Discussion**

**I. Motion to Stay**

The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket. Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). In determining whether to grant a motion to stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005) (citing CMAX Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962)). These interests include: (1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. Id.

A stay of this action is appropriate, because it would promote judicial economy. Here, CollegeSource filed both this case and the Pennsylvania action, and the parties and the issues involved in the Pennsylvania action are the same as in the present case. The Pennsylvania action has proceeded further than this case: CollegeSource pursued its claims there for fourteen months while its appeal was pending in the Ninth Circuit. Fact discovery in that case closed on October 14, 2011. (Doc. No. 120 at 21.) By contrast, the narrow discovery in this case included issues concerning personal jurisdiction only. The parties have not engaged in motion practice on the merits. In declining to apply the first-to-file rule to dismiss, transfer or stay the Pennsylvania action, the Pennsylvania Court noted:

> CollegeSource affirmatively represented to the Court that it intended to continue litigating this case no matter the outcome of the appeal. The parties proceeded and expended time and resources accordingly, as did the Court. It would be unfair to allow the plaintiff to change course after the defendants bore the expense and burden of litigating in this forum.

CollegeSource, Inc. v. AcademyOne, Inc., 2011 WL 5127813, at *4 (E.D. Pa. Oct. 31, 2011). No damage will result to Plaintiff from granting a stay, because it will be able to litigate its claims against the Defendant in the Pe4nnsylvania action, as it has done since July 2010. On the other hand, in the absence of a stay, Defendant would be forced to defend the same claims

in both actions. Given the procedural posture of both actions, and the fact that CollegeSource filed both cases and proceeded with the Pennsylvania case while its appeal before the Ninth Circuit was pending, the Court concludes that a limited stay of this action is appropriate. Accordingly, the Court grants Defendant's motion to stay the case for six months.

**II. Application to Enjoin the Pennsylvania Action Pending Appeal**

On December 8, 2011, the Court denied Plaintiff's motion to enjoin the second-filed Pennsylvania action, concluding that the interests of judicial efficiency weigh heavily against enjoining the parties from prosecuting the Pennsylvania action. (Doc. No. 127.) On December 9, 2011, Plaintiff appealed the Court's order denying the motion to enjoin. (Doc. No. 128.) On December 15, 2011, Plaintiff filed an *ex parte* application to enjoin the Pennsylvania action pending its appeal. (Doc. No. 134.) On December 22, 2011, Defendant filed its response in opposition to the application to enjoin. (Doc. No. 135.)

"[I]t is firmly established that an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case." Plotkin v. Pac. Tel. & Tel. Co., 688 F.2d 1291, 1293 (9th Cir. 1982). Federal Rule of Civil Procedure 62 provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c). To obtain an injunction pending an appeal, a party must show (1) likelihood of success on the merits of its appeal; (2) irreparable harm absent an injunction; and (3) the injunction is in the public interest. Warm Springs Dam Task Force v. Gribble, 565 F.2d 549, 551 (9th Cir. 1977). The Court notes that this is not the typical case in which a party invokes the first-to-file rule after its opponent filed an action in a different court. CollegeSource filed both this case and the Pennsylvania action, and it now seeks to enjoin the proceedings in the Pennsylvania action. The Court concludes that Plaintiff has not shown a likelihood of success of its appeal, or that it will suffer irreparable harm. Accordingly, the Court denies Plaintiff's application to enjoin the Pennsylvania action pending appeal.

///

**Conclusion**

For the reasons above, the Court the Court grants Defendant AcademyOne, Inc.'s motion to stay this case for six months. The Court may extend the stay subject to a renewed application. The Court denies Plaintiff's application to enjoin the Pennsylvania action pending appeal.

IT IS SO ORDERED.

DATED: December 30, 2011

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT