# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEGESOURCE, INC., a California corporation,<br><br>                                             Plaintiff,<br>   vs.<br><br>ACADEMYONE, INC., a Pennsylvania corporation,<br><br>                                             Defendant. | CASE NO. 08cv1987-GPC(MDD)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>[Dkt. No. 197.] |

On March 8, 2013, Defendant filed a motion to file documents under seal in connection with its opposition to Plaintiff's motion for partial summary judgment. (Dkt. No. 197.) It seeks to file the memorandum of points and authorities in opposition to Plaintiff's motion for partial summary judgment; its response to amended statement of undisputed facts in support of Plaintiff's motion for partial summary judgment; and the Declaration of David Landau with attached exhibits under seal.

There is a presumptive right of public access to court records based upon the common law and the first amendment. See Nixon v. Warner Comm., Inc., 435 U.S. 589, 597 (1978); Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1212-13 (9th Cir. 2002). Nonetheless, access may be denied to protect sensitive confidential information. Courts are more likely to protect information covered by Rule 26(c) of the Federal Rules of Civil Procedure, but are not limited by items listed in protective orders. See KL Group v. Case, Kay, & Lynch, 829 F.2d 909, 917-19 (9th Cir.

1987) (letter to client from attorney); Kalinauskas v. Wong, 151 F.R.D. 363, 365-67 (D. Nev. 1993) (confidential settlement agreement).

Parties seeking to seal documents in a dispositive motion must meet the high threshold requiring "compelling reasons" with specific factual findings to support a sealing. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006) (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1136 (9th Cir. 2003)). However, for non-dispositive motions, the parties must show a lesser "particularized showing" under the "good cause" standard pursuant to Federal Rule of Civil Procedure 26(c). Id. at 1180. The "compelling reasons" test requires showing more than just "good cause." Id. Documents filed under seal will be limited to only those documents, or portions thereof, necessary to protect such sensitive information.

Defendant moves to file under seal the documents listed above pursuant to the protective order entered in CollegeSource, Inc. v. AcademyOne, Inc., in case no. 10-3542 in the Eastern District of Pennsylvania on July 1, 2011. In that protective order, the parties agreed that any document filed in the action which contains materials designated as "confidential information" or "attorneys' eyes only" shall be filed under seal. Defendant specifically describes the exhibits attached to the Landau declaration and references the protective order to support its request. While simply noting that a party designated a document as confidential pursuant to a protective order is not a particularized showing, Brocade Comm'ns Sys., Inc. v. A10 Networks, Inc., C 10-3428 PSG, 2013 WL 211115, at *1 (N.D.Cal. Jan. 17, 2013), in this case, the parties agreed to have such documents filed under seal. The Court concludes that such agreement that was signed and filed by the Court satisfies the compelling reasons standard. Thus, the Court GRANTS Defendant's motion to file these documents under seal with the exception of Exhibit E, which is a copy of the protective order publicly filed in the Pennsylvania case. However, Defendant has failed to show a compelling reason why the entire memorandum of points and authorities in opposition to Plaintiff's motion for partial summary judgment and the response to amended statement of undisputed facts in support of Plaintiff's motion for partial summary judgment should be filed under seal.

Accordingly, the Court GRANTS Defendant's motion to file the Declaration of David Landau with attached Exhibits A-D under SEAL and DENIES Defendant's motion as to Exhibit E. The Court

DENIES Defendant's motion to file under seal the memorandum of points and authorities in opposition to Plaintiff's motion for partial summary judgment and the response to amended statement of undisputed facts in support of Plaintiff's motion for partial summary judgment.[1]

IT IS SO ORDERED.

DATED: March 29, 2013

HON. GONZALO P. CURIEL
United States District Judge

---

[1] Documents under seal will be limited to only those portions necessary to protect sensitive information. Accordingly, a redacted document may be appropriate to protect the portions of the brief containing confidential information.