1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

11  COLLEGESOURCE, INC., a California
    corporation,

12                                          Plaintiff,

13      vs.

14

15  ACADEMYONE, INC., a Pennsylvania
    corporation,

16                                          Defendant.

17

CASE NO. 08cv1987-GPC(MDD)

**ORDER GRANTING IN PART
AND DENYING IN PART
DEFENDANT'S MOTION TO
FILE DOCUMENTS UNDER SEAL**

[Dkt. No. 197.]

18          On March 8, 2013, Defendant filed a motion to file documents under seal in connection with

19  its opposition to Plaintiff's motion for partial summary judgment. (Dkt. No. 197.) It seeks to file the

20  memorandum of points and authorities in opposition to Plaintiff's motion for partial summary

21  judgment; its response to amended statement of undisputed facts in support of Plaintiff's motion for

22  partial summary judgment; and the Declaration of David Landau with attached exhibits under seal.

23          There is a presumptive right of public access to court records based upon the common law and

24  the first amendment. <u>See</u> <u>Nixon v. Warner Comm., Inc.</u>, 435 U.S. 589, 597 (1978); <u>Phillips ex rel.</u>

25  <u>Estates of Byrd v. General Motors Corp.</u>, 307 F.3d 1206, 1212-13 (9th Cir. 2002). Nonetheless, access

26  may be denied to protect sensitive confidential information. Courts are more likely to protect

27  information covered by Rule 26(c) of the Federal Rules of Civil Procedure, but are not limited by items

28  listed in protective orders. <u>See</u> <u>KL Group v. Case, Kay, & Lynch</u>, 829 F.2d 909, 917-19 (9th Cir.

1   1987) (letter to client from attorney); <u>Kalinauskas v. Wong</u>, 151 F.R.D. 363, 365-67 (D. Nev. 1993)

2   (confidential settlement agreement).

3        Parties seeking to seal documents in a dispositive motion must meet the high threshold

4   requiring "compelling reasons" with specific factual findings to support a sealing.  <u>Kamakana v. City</u>

5   <u>and County of Honolulu</u>, 447 F.3d 1172, 1178-80 (9th Cir. 2006) (citing <u>Foltz v. State Farm Mut.</u>

6   <u>Auto. Ins. Co.</u>, 331 F.3d 1122, 1136 (9th Cir. 2003)).  However, for non-dispositive motions, the

7   parties must show a lesser "particularized showing" under the "good cause" standard pursuant to

8   Federal Rule of Civil Procedure 26(c).  <u>Id.</u> at 1180.  The "compelling reasons" test requires showing

9   more than just "good cause." <u>Id.</u>  Documents filed under seal will be limited to only those documents,

10  or portions thereof, necessary to protect such sensitive information.

11       Defendant moves to file under seal the documents listed above pursuant to the protective order

12  entered in <u>CollegeSource, Inc. v. AcademyOne, Inc.</u>, in case no. 10-3542 in the Eastern District of

13  Pennsylvania on July 1, 2011.  In that protective order, the parties agreed that any document filed in

14  the action which contains materials designated as "confidential information" or "attorneys' eyes only"

15  shall be filed under seal.  Defendant specifically describes the exhibits attached to the Landau

16  declaration and references the protective order to support its request.  While simply noting that a party

17  designated a document as confidential pursuant to a protective order is not a particularized showing,

18  <u>Brocade Comm'ns Sys., Inc. v. A10 Networks, Inc</u>., C 10-3428 PSG, 2013 WL 211115, at *1

19  (N.D.Cal. Jan. 17, 2013), in this case, the parties agreed to have such documents filed under seal.  The

20  Court concludes that such agreement that was signed and filed by the Court satisfies the compelling

21  reasons standard.  Thus, the Court GRANTS Defendant's motion to file these documents under seal

22  with the exception of Exhibit E, which is a copy of the protective order publicly filed in the

23  Pennsylvania case.  However, Defendant has failed to show a compelling reason why the entire

24  memorandum of points and authorities in opposition to Plaintiff's motion for partial summary

25  judgment and the response to amended statement of undisputed facts in support of Plaintiff's motion

26  for partial summary judgment should be filed under seal.

27       Accordingly, the Court GRANTS Defendant's motion to file the Declaration of David Landau

28  with attached Exhibits A-D under SEAL and DENIES Defendant's motion as to Exhibit E.  The Court

1    DENIES Defendant's motion to file under seal the memorandum of points and authorities in

2    opposition to Plaintiff's motion for partial summary judgment and the response to amended statement

3    of undisputed facts in support of Plaintiff's motion for partial summary judgment.[1]

4          IT IS SO ORDERED.

6    DATED:  March 29, 2013

7    _____
     HON. GONZALO P. CURIEL

8    United States District Judge

---

[1]Documents under seal will be limited to only those portions necessary to protect sensitive information.  Accordingly, a redacted document may be appropriate to protect the portions of the brief containing confidential information.