# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEGESOURCE, INC., a California corporation,<br><br>          Plaintiff,<br><br>  vs.<br><br>ACADEMYONE, INC., a Pennsylvania corporation,<br><br>          Defendant. | CASE NO. 08cv1987-GPC(MDD)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO FILE DOCUMENTS UNDER SEAL**<br><br>[Dkt. Nos. 167, 173.] |

  On October 12, 2012 and October 15, 2012, Plaintiff filed a motion to file documents under seal in connection with its motion for partial summary judgment, and a motion to file amended documents under seal in connection with its motion for partial summary judgment. (Dkt. Nos. 167, 173.) Specifically, Plaintiff seeks to file under seal the memorandum of points and authorities in support of Plaintiff's motion for partial summary judgment; Declaration of Stan Novak; Declaration of Michael Bandemer; Declaration of Michael Weil; and Plaintiff's notice of lodgment of electronic files. (Dkt. No. 167.) In the motion to file amended documents under seal, Plaintiff seeks to file under seal its amended memorandum of points and authorities in support of its motion for partial summary judgment; and amended separate statement of undisputed facts in support of motion for partial summary judgment as to certain affirmative defenses. (Dkt. No. 173.) Plaintiff indicates that it filed

this motion under protest and in fact, requests that all the documents be filed publicly.[1] Plaintiff disagrees with defendant's "confidential designation" as they relate to small excerpts of non-confidential information. Defendant has not filed a response to Plaintiff's motions.

There is a presumptive right of public access to court records based upon the common law and the first amendment. See Nixon v. Warner Comm., Inc., 435 U.S. 589, 597 (1978); Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1212-13 (9th Cir. 2002). Nonetheless, access may be denied to protect sensitive confidential information. Courts are more likely to protect information covered by Rule 26(c) of the Federal Rules of Civil Procedure, but are not limited by items listed in protective orders. See KL Group v. Case, Kay, & Lynch, 829 F.2d 909, 917-19 (9th Cir. 1987) (letter to client from attorney); Kalinauskas v. Wong, 151 F.R.D. 363, 365-67 (D. Nev. 1993) (confidential settlement agreement).

Parties seeking to seal documents in a dispositive motion must meet the high threshold requiring "compelling reasons" with specific factual findings to support a sealing. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006) (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1136 (9th Cir. 2003)). However, for non-dispositive motions, the parties must show a lesser "particularized showing" under the "good cause" standard pursuant to Federal Rule of Civil Procedure 26(c). Id. at 1180. The "compelling reasons" test requires showing more than just "good cause." Id. Documents filed under seal will be limited to only those documents, or portions thereof, necessary to protect such sensitive information. While simply noting that a party designated a document as confidential pursuant to a protective order is not a particularized showing, Brocade Comm'ns Sys., Inc. v. A10 Networks, Inc., C 10-3428 PSG, 2013 WL 211115, at *1 (N.D.Cal. Jan. 17, 2013), in this case, the parties agreed to have such documents filed under seal. The Court concludes that such agreement that was signed and filed by the Court satisfies the compelling reasons standard.

It appears that Plaintiff, under protest, filed a motion to file documents under seal pursuant to the protective order filed in CollegeSource, Inc. v. AcademyOne, Inc., in case no. 10-3542 in the

---

[1] Plaintiff states that it filed a motion to de-designate all but the last three categories of documents in the motion to file documents under seal with the Pennsylvania district court. However, the Pennsylvania court denied the motion without prejudice.

1  Eastern District of Pennsylvania on July 1, 2011.  In that protective order, the parties agreed that any
2  document filed in the action which contains materials designated as "confidential information" or
3  "attorneys' eyes only" shall be filed under seal.
4      In its motions, Plaintiff provides a table listing Defendant's "confidential" documents and the
5  portions disclosed in filed documents.  (Dkt. Nos. 167, 173.)  Therefore, based on these tables
6  indicating only portions of documents contain confidential information, Plaintiff's motions to file
7  entire documents under seal is overbroad.  Accordingly, the Court GRANTS in part and DENIES in
8  part Plaintiff's motion to file  documents under seal.  The Court GRANTS Plaintiff's motion to file
9  documents under seal only as to those confidential portions disclosed in filed documents.  The Court
10 DENIES Plaintiff's motion to file documents under seal as to the non-confidential portion of the filed
11 documents.  Accordingly, Plaintiff shall file a redacted version of all documents it sought to file under
12 seal on or before **April 5, 2013.**
13     IT IS SO ORDERED.

15 DATED: March 29, 2013

HON. GONZALO P. CURIEL
United States District Judge