UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEGESOURCE, INC., a California corporation,<br><br>　　　　　　　　　　　　Plaintiff,<br>　　vs.<br>ACADEMYONE, INC., a Pennsylvania corporation,<br><br>　　　　　　　　　　　　Defendant. | CASE NO. 08cv1987-GPC(MDD)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR A STAY**<br><br>[Dkt. No. 204.] |

　　Before the Court are numerous motion filed by both Plaintiff and Defendant. On October 15, 2012, Plaintiff filed an amended motion for partial summary judgment. (Dkt. No. 172.) On November 28, 2012, Defendant filed a motion for summary judgment based on the doctrine of claim preclusion. (Dkt. No. 186.) Concurrently, Plaintiff also filed a motion to stay the case; and motion to refer the summary judgment motion to Magistrate Judge Dembin for report and recommendation. (Dkt. Nos. 204, 207.) Because the related case filed with the United States District Court for the Eastern District of Pennsylvania is currently on appeal with the Third Circuit, the Court GRANTS Plaintiff's motion for a stay.

**Background**

　　On October 27, 2008, Plaintiff CollegeSource filed this action against Defendant AcademyOne, alleging six causes of action for: (1) violation of the U.S. Computer Fraud and Abuse Act, 18 U.S.C. §1030; (2) violation of the California Computer Crimes Act, California Penal Code section 502; (3)

breach of contract; (4) misappropriation; (5) unfair competition in violation of California Business & Professions Code section 17200; and (6) unjust enrichment. (Dkt. No. 1.) On December 3, 2008, AcademyOne filed a motion to dismiss CollegeSource's complaint for lack of personal jurisdiction or transfer to the Eastern District of Pennsylvania. (Dkt. No. 8.) On February 23, 2009, the Court denied AcademyOne's motion to dismiss without prejudice to refiling it after additional jurisdictional discovery had been conducted. (Dkt. No. 46.) On June 19, 2009, CollegeSource amended its complaint, adding causes of action for trademark infringement in violation of 15 U.S.C. § 1114 and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a). (Dkt. No. 61.) On July 27, 2009, AcademyOne again filed a motion to dismiss for lack of personal jurisdiction or transfer venue. (Dkt. No. 66.) On August 24, 2009, the Court granted AcademyOne's motion to dismiss for lack of personal jurisdiction. (Doc. No. 93.) On September 21, 2009, CollegeSource filed a notice of appeal. (Dkt. No. 99.) On August 8, 2011, the Ninth Circuit determined that AcademyOne is subject to personal jurisdiction in California. CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066, 1080 (9th Cir. 2011). On October 21, 2011, CollegeSource filed a second amended complaint, adding causes of action for false advertising in violation of 15 U.S.C. § 1125(a) and trademark invalidity. (Dkt. No. 115.)

During the pendency of the Ninth Circuit appeal, on July 20, 2010, CollegeSource filed a separate complaint against AcademyOne in the United States District Court for the Eastern District of Pennsylvania. See CollegeSource, Inc. v. AcademyOne, Inc., No. 10-CV-3542 (E.D. Pa., filed July 20, 2010) ("the Pennsylvania Action"). In the Pennsylvania Action, CollegeSource asserted claims, among others, for: (1) violation of the U.S. Computer Fraud and Abuse Act, 18 U.S.C. §1030; (2) breach of contract; (3) unjust enrichment; (4) trademark infringement under the Lanham Act, 15 U.S.C. §1114; (5) unfair competition under the Lanham Act, 15 U.S.C. § 1125(a); (6) false advertising under the Lanham Act, 15 U.S.C. § 1125(a); and (7) declaration of trademark invalidity due to fraud on U.S.P.T.O.

On November 8, 2011, CollegeSource filed a motion in this case to enjoin the proceedings in the Pennsylvania Action. (Dkt. No. 119.) On December 8, 2011, the Court denied the motion to enjoin the Pennsylvania Action because that case was further along in the proceedings. (Dkt. No. 127.)

The Pennsylvania court also denied a similar request to stay or transfer its action. <u>CollegeSource, Inc. v. AcademyOne, Inc</u>., 10-3542, 2011 WL 5127813 (E.D. Pa. Oct. 31, 2011). On December 9, 2011, CollegeSource appealed the Court's denial of an injunction. (Dkt. No. 128.) On November 22, 2011, AcademyOne filed a motion to transfer this case to the Eastern District of Pennsylvania or stay the case until the Pennsylvania Action is complete. (Dkt. No. 121.) On December 15, 2011, CollegeSource filed an *ex parte* application to enjoin the Pennsylvania Action pending its appeal. (Dkt. No. 134.) On December 30, 2011, the Court granted AcademyOne's motion to stay the case for six months and denied CollegeSource's motion to enjoin the Pennsylvania Action pending appeal. (Dkt. No. 137.) On January 3, 2012, CollegeSource appealed the Court's denial of an injunction pending appeal and its grant of a stay. (Dkt. No. 138.) On January 22, 2013, the Ninth Circuit dismissed the appeals as moot. (Dkt. No. 192.)

While the present action was stayed, the parties proceeded in the Pennsylvania Action. On February 27, 2012, AcademyOne filed a motion for summary judgment on all of CollegeSource's claims. (Pennsylvania Action, 10cv3542-MAM, Dkt. No. 164.) AcademyOne also filed <u>Daubert</u> motions to preclude both of CollegeSource's expert witnesses. (<u>Id.</u>, Dkt. Nos. 165-66.) The Pennsylvania court held a hearing on AcademyOne's motions on June 13, 2012. (<u>Id.</u>, Dkt. No. 206.) On September 21, 2012, after the motion for summary judgment was fully briefed and after having had oral argument, Plaintiff filed a motion for leave to supplement its opposition and conduct additional discovery. (<u>Id.</u>, Dkt. No. 222.) On September 27, 2012, the Court denied Plaintiff's request. (<u>Id.</u> Dkt. No. 225.)

On October 25, 2012, the Court in the Pennsylvania Action granted Defendant AcademyOne's motion for summary judgment in its entirety. (<u>Id.</u>, Dkt. No. 226.) Specifically, the court granted Defendant's motion for summary judgment on the remaining claims of (1) violation of the U.S. Computer Fraud and Abuse Act, 18 U.S.C. §1030; (2) breach of contract; (3) unjust enrichment; (4) trademark infringement under the Lanham Act, 15 U.S.C. §1114; (5) unfair competition under the Lanham Act, 15 U.S.C. § 1125(a); (6) declaration of Trademark Invalidity due to fraud on U.S.P.T.O.; and (7) false advertising under the Lanham Act, 15 U.S.C. § 1125(a**).** (<u>Id.</u>) On November 2, 2012, CollegeSource filed a notice of appeal with the Third Circuit. (<u>Id.</u>, Dkt. No. 228.)

On October 15, 2012, CollegeSource filed an amended motion for partial summary judgment. (Dkt. No. 172.) AcademyOne filed an opposition on March 8, 2013. (Dkt. Nos 198, 227.) CollegeSource filed a reply on March 29, 2013. (Dkt. No. 217.)

On November 28, 2012, AcademyOne filed a motion for summary judgment based on res judicata. (Dkt. No. 186.) CollegeSource filed an opposition on March 8, 2013. (Dkt. Nos. 202.) AcademyOne filed a reply on March 29, 2013. (Dkt. No. 211.)

On March 11, 2013, CollegeSource filed a motion to stay and a motion to refer summary judgment related motion to Magistrate Judge Dembin for report and recommendation. (Dkt. Nos. 204, 207.) On April 5, 2013, AcademyOne filed an opposition to these motions. (Dkt Nos. 221, 222.) CollegeSource filed a reply on April 12, 2013. (Dkt. Nos. 228, 229.)

**Discussion**

In the interest of judicial efficiency, the Court first addresses Plaintiff's motion for stay pending appeal.

**A.     Motion for Stay Pending Appeal**

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. N. Am.Co., 299 U.S. 248, 254 (1936)). In determining whether to grant a motion to stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005). These interests include: (1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. Id.

A pending appeal does not affect the potential for res judicata from an otherwise-valid judgment. U.S. v. 5 Unlabeled Boxes, 572 F.3d 169, 175 (3d Cir. 2009). However, a "reversed or dismissed judgment cannot serve as the basis for a disposition on the ground of res judicata or collateral estoppel." Ornellas v. Oakley, 618 F.2d 1351, 1356 (9th Cir. 1980); South Carolina Nat. Bank v. Atlantic States Bankcard Assn., 896 F.2d 1421, 1430-31 (4th Cir. 1990) (as the judgment in the first action was reversed, had the judge in the second action relied on the issue-preclusion effect

of the first judgment, the determination in the second action would have had to be reversed).

Plaintiff argues that the Court should stay the case pending resolution of the appeal in Third Circuit because the issues of preclusion will be affected in the event the Third Circuit reverses the Pennsylvania action. Defendant's arguments are primarily based on complaints regarding Plaintiff's litigation strategy and the prolonged, protracted litigation in this case and the Pennsylvania case. Defendant opposes complaining about the procedural posture of the case and how CollegeSource created this "predicament." It also objects arguing it is prejudiced because Plaintiff did not seek a stay of this case until after it forced Defendant to respond to Plaintiff's motion for partial summary judgment even after the Pennsylvania court granted summary judgment in favor of Defendant. AcademyOne argues that CollegeSource has forced AcademyOne to expend enormous resources to file its opposition to Plaintiff's numerous motions which has given CollegeSource strategic insight into AcademyOne's defense. The Court concludes that AcademyOne's arguments are not persuasive to oppose the stay.

Based on the competing interests, the Court concludes that a stay is appropriate based on the procedural posture of this case. In Pennsylvania, the District Court in the Eastern District of Pennsylvania granted Defendant's motion for summary judgment in its entirety. Plaintiff filed an appeal with the Third Circuit on November 2, 2013. Many of the causes of action in the Eastern District of Pennsylvania are the same or similar to the causes of action filed in this District. Therefore, a reversal by the Third Circuit will affect the decision of this Court. Accordingly, the Court GRANTS Plaintiff's motion for a stay pending appeal.

**Conclusion**

Based on the above, the Court GRANTS Plaintiff's motion for stay. The parties are directed to inform this Court within five (5) days of a ruling by the Court of Appeals for the Third Circuit. The Court **VACATES** the hearing scheduled for April 19, 2013.

IT IS SO ORDERED.

DATED: April 15, 2013

HON. GONZALO P. CURIEL
United States District Judge