**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COLLEGESOURCE, INC.,<br><br>                      Plaintiff,<br>vs.<br><br>ACADEMYONE, INC.,<br><br>                      Defendant. | CASE NO. 08CV1987-GPC(MDD)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO LIFT STAY**<br><br>[Dkt. No. 232.] |

On December 20, 2013, Plaintiff filed a motion to lift the stay to allow the Magistrate Judge to determine whether discovery or other measures should be conducted to preserve evidence. (Dkt. No. 232.) An opposition was filed by Defendant on January 9, 2014. (Dkt. No. 233.) A reply brief was filed on January 17, 2014. (Dkt. No. 234.) After a review of the briefs and the applicable law, the Court DENIES Plaintiff's motion to lift the stay.

**Background**

On October 27, 2008, Plaintiff CollegeSource filed this action against Defendant AcademyOne, alleging six causes of action for: (1) violation of the U.S. Computer Fraud and Abuse Act, 18 U.S.C. § 1030; (2) violation of the California Computer Crimes Act, California Penal Code section 502; (3) breach of contract; (4) misappropriation; (5) unfair competition in violation of California Business & Professions Code section 17200; and (6) unjust enrichment. (Dkt. No. 1.) On December 3, 2008, AcademyOne filed a motion to dismiss CollegeSource's complaint

for lack of personal jurisdiction or transfer to the Eastern District of Pennsylvania. (Dkt. No. 8.)  On February 23, 2009, the Court denied AcademyOne's motion to dismiss without prejudice to refiling it after additional jurisdictional discovery had been conducted.  (Dkt. No. 46.)  On June 19, 2009, CollegeSource amended its complaint, adding causes of action for trademark infringement in violation of 15 U.S.C. § 1114 and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a). (Dkt. No. 61.) On July 27, 2009, AcademyOne again filed a motion to dismiss for lack of personal jurisdiction or transfer venue. (Dkt. No. 66.)  On August 24, 2009, the Court granted AcademyOne's motion to dismiss for lack of personal jurisdiction. (Doc. No. 93.) On September 21, 2009, CollegeSource filed a notice of appeal. (Dkt. No. 99.) On August 8, 2011, the Ninth Circuit determined that AcademyOne is subject to personal jurisdiction in California. <u>CollegeSource, Inc. v. AcademyOne, Inc.</u>, 653 F.3d 1066, 1080 (9th Cir. 2011).  On October 21, 2011, CollegeSource filed a second amended complaint, adding causes of action for false advertising in violation of 15 U.S.C. § 1125(a) and trademark invalidity.  (Dkt. No. 115.)

During the pendency of the Ninth Circuit appeal, on July 20, 2010, CollegeSource filed a separate complaint against AcademyOne in the United States District Court for the Eastern District of Pennsylvania. <u>See</u> <u>CollegeSource, Inc. v. AcademyOne, Inc.</u>, No. 10-CV-3542 (E.D. Pa., filed July 20, 2010) ("the Pennsylvania Action").  In the Pennsylvania Action, CollegeSource asserted claims, among others, for: (1) violation of the U.S. Computer Fraud and Abuse Act, 18 U.S.C. §1030; (2) breach of contract; (3) unjust enrichment; (4) trademark infringement under the Lanham Act, 15 U.S.C. §1114; (5) unfair competition under the Lanham Act, 15 U.S.C. § 1125(a); (6) false advertising under the Lanham Act, 15 U.S.C. § 1125(a); and (7) declaration of trademark invalidity due to fraud on the United States Patent and Trademark Office ("U.S.P.T.O.").

On November 8, 2011, CollegeSource filed a motion in this case to enjoin the proceedings in the Pennsylvania Action. (Dkt. No. 119.)  On December 8, 2011, the

1  Court denied the motion to enjoin the Pennsylvania Action because that case was
2  further along in the proceedings. (Dkt. No. 127.) The Pennsylvania court also denied
3  a similar request to stay or transfer its action. <u>CollegeSource, Inc. v. AcademyOne,</u>
4  <u>Inc.</u>, 10-3542, 2011 WL 5127813 (E.D. Pa. Oct. 31, 2011). On December 9, 2011,
5  CollegeSource appealed the Court's denial of an injunction. (Dkt. No. 128.) On
6  November 22, 2011, AcademyOne filed a motion to transfer this case to the Eastern
7  District of Pennsylvania or stay the case until the Pennsylvania Action is complete.
8  (Dkt. No. 121.) On December 15, 2011, CollegeSource filed an *ex parte* application
9  to enjoin the Pennsylvania Action pending its appeal. (Dkt. No. 134.) On December
10 30, 2011, the Court granted AcademyOne's motion to stay the case for six months and
11 denied CollegeSource's motion to enjoin the Pennsylvania Action pending appeal.
12 (Dkt. No. 137.) On January 3, 2012, CollegeSource appealed the Court's denial of an
13 injunction pending appeal and its grant of a stay. (Dkt. No. 138.) On January 22,
14 2013, the Ninth Circuit dismissed the appeals as moot. (Dkt. No. 192.)

15      While the present action was stayed, the parties proceeded in the Pennsylvania
16 Action. On February 27, 2012, AcademyOne filed a motion for summary judgment on
17 all of CollegeSource's claims. (Pennsylvania Action, 10cv3542-MAM, Dkt. No. 164.)
18 AcademyOne also filed <u>Daubert</u> motions to preclude both of CollegeSource's expert
19 witnesses. (<u>Id.</u>, Dkt. Nos. 165-66.) The Pennsylvania court held a hearing on
20 AcademyOne's motions on June 13, 2012. (Id., Dkt. No. 206.) On September 21,
21 2012, after the motion for summary judgment was fully briefed and after having had
22 oral argument, Plaintiff filed a motion for leave to supplement its opposition and
23 conduct additional discovery. (<u>Id.</u>, Dkt. No. 222.) On September 27, 2012, the Court
24 denied Plaintiff's request. (<u>Id.</u>, Dkt. No. 225.)

25      On October 25, 2012, the court in the Pennsylvania Action granted Defendant
26 AcademyOne's motion for summary judgment in its entirety. (<u>Id.</u>, Dkt. No. 226.)
27 Specifically, the court granted Defendant's motion for summary judgment on the
28 remaining claims of (1) violation of the U.S. Computer Fraud and Abuse Act, 18

1  U.S.C. §1030; (2) breach of contract; (3) unjust enrichment; (4) trademark infringement
2  under the Lanham Act, 15 U.S.C. §1114; (5) unfair competition under the Lanham Act,
3  15 U.S.C. § 1125(a); (6) declaration of Trademark Invalidity due to fraud on
4  U.S.P.T.O.; and (7) false advertising under the Lanham Act, 15 U.S.C. § 1125(a). (Id.)
5  On November 2, 2012, CollegeSource filed a notice of appeal with the Third Circuit.
6  (Id., Dkt. No. 228.)

7       On October 15, 2012, CollegeSource filed an amended motion for partial
8  summary judgment.  (Dkt. No. 172.)  AcademyOne filed an opposition on March 8,
9  2013. (Dkt. Nos 198, 227.) CollegeSource filed a reply on March 29, 2013. (Dkt. No.
10 217.)

11      On November 28, 2012, AcademyOne filed a motion for summary judgment
12 based on res judicata. (Dkt. No. 186.) CollegeSource filed an opposition on March 8,
13 2013. (Dkt. Nos. 202.) AcademyOne filed a reply on March 29, 2013. (Dkt. No. 211.)

14      On March 11, 2013, CollegeSource filed a motion to stay and a motion to refer
15 summary judgment related motion to Magistrate Judge Dembin for report and
16 recommendation.  (Dkt. Nos. 204, 207.)   On April 13, 2013, the Court granted
17 Plaintiff's motion for a stay pending a ruling by the Court of Appeals for the Third
18 Circuit in the Pennsylvania case. (Dkt. No. 230 at 5.) On December 20, 2013, Plaintiff
19 filed a motion to lift the stay to allow the Magistrate Judge to determine whether
20 discovery or other measures should be conducted to preserve evidence. (Dkt. No. 232.)

21 **Discussion**

22      "The District Court has broad discretion to stay proceedings as an incident to its
23 power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing
24 Landis v. N. Am.Co., 299 U.S. 248, 254 (1936)).  In determining whether to grant a
25 motion to stay, "the competing interests which will be affected by the granting or
26 refusal to grant a stay must be weighed." Lockyer v. Mirant Corp., 398 F.3d 1098,
27 1110 (9th Cir. 2005).  These interests include: (1) the possible damage which may
28 result from the granting of a stay, (2) the hardship or inequity which a party may suffer

in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. Id. "The corollary to this power is the ability to lift a stay previously imposed." Boyle v. County of Kern, No. 03cv5162-OWW-GSA, 2008 WL 220413, at 5 (E.D. Cal. Jan. 25, 2008). District courts have discretion to lift a stay of litigation. See Canady v. Erbe Elektromedizin GMBH, 271 F. Supp. 2d 64, 74 (D.D .C.2002) ("The same court that imposes a stay of litigation has the inherent power and discretion to lift the stay.").

In its motion, Plaintiff seeks to request permission from the Magistrate Judge to determine whether discovery or other measures are necessary to preserve evidence. Specifically, Plaintiff seeks to "serve limited document requests and notice a Rule 30(b)(6) person(s) most knowledgeable deposition in order to preserve evidence related to: (1) AcademyOne's deletion of electronic files after this action was filed; (2) AcademyOne's use of the usernames/passwords of CollegeSource's customers to download files; and (3) documents referred to in the declaration of AcademyOne's computer expert, Paul Lewis, submitted in opposition to CollegeSource's pending (but stayed) motion for summary judgment . . ., but not produced to CollegeSource . . . ." (Id. ¶ 3.) CollegeSource will also request that documents related to this limited discovery be preserved by AcademyOne. Plaintiff argues that as time passes there is a risk that witnesses most knowledgeable at AcademyOne will have a complete or partial lapse of memory or the inability to testify. (Id. ¶ 4.) Moreover, it contends that as time passes, there is a risk that Defendant may not be able to designate persons most knowledgeable if such persons are no longer employed by Defendant. (Id.) Lastly, it asserts that documents may be lost, misplaced or destroyed.

In opposition, Defendants assert that nothing has changed since the Court entered the stay order in April 2013. The parties are subject to the preservation of discovery provided in the Federal Rules of Civil Procedure and two court orders from the Eastern District of Pennsylvania and Southern District of California. Moreover,

1  Defendant argues that Plaintiff is to blame for the delay in the Third Circuit since
2  Plaintiff filed, with its opening appeal brief, a motion for extra words on May 21, 2013.
3  (Dkt. No. 232-2, Quinn Decl. ¶ 2.) As of the filing of the motion, no date has been set
4  for Defendant to file its opposition brief with the Third Circuit. (Id.) Lastly,
5  AcademyOne argues that it will incur hardship if it begins to litigate claims it defeated
6  in the Pennsylvania case since those claims may be barred in this Court based on claim
7  and issue preclusion.

8      "A litigant is under a duty to preserve what it knows, or reasonably should know,
9  is relevant in the action, is reasonably calculated to lead to the discovery of admissible
10 evidence, is reasonably likely to be requested during discovery, and/or the subject of
11 a pending discovery request." Wm. T. Thompson Co. v. General Nutrition Corp., 593
12 F.Supp. 1443, 1455 (C.D. Cal. 1984); In re Napster, Inc. Copyright Litigation, 462 F.
13 Supp. 2d 1060, 1067 (N.D. Cal. 2006) ("As soon as a potential claim is identified, a
14 litigant is under a duty to preserve evidence which it knows or reasonably should know
15 is relevant to the action.") "[O]nce a party reasonably anticipates litigation, it must
16 suspend its routine document retention/destruction policy and put in place a 'litigation
17 hold' to ensure the preservation of relevant documents." Zubulake v. USB Warburg
18 LLC, 220 F.R.D. 212, 218 (S.D.N.Y. 2003). "The scope of the duty to preserve
19 extends to electronic documents, such as emails and back-up tapes." AAB Joint
20 Venture v. United States, 75 Fed. Cl. 432, 441 (2007).

21     In this case, the Magistrate Judge Dembin issued an order requiring the Duane
22 Morris law firm to preserve any evidence in its possession regarding any access of
23 Plaintiff's network from the law firm's network using a username and password
24 assigned to Bellmore Memorial Library. (Dkt. No. 193.) In the Pennsylvania action,
25 College Source, Inc. v. AcademyOne, Inc., No. 10cv3542-MAM, Dkt. No. 29 (E.D. Pa.
26 Aug. 4, 2010), the judge issued an order that denied CollegeSource's application to
27 appoint an independent expert to make forensic copies of computer hard drives and to
28 preserve evidence. (Id. at 1.) However, the court also ordered that "there shall be no

destruction of any documents or data, by either party, that may be related in any way to the subject matter of this litigation." (Id.)  Therefore, both parties are under an obligation and duty to preserve evidence in this case.

Plaintiff seeks to preserve evidence because it believes that witnesses or persons most knowledgeable will have a complete or partial lapse of memory, may leave the employ of AcademyOne, and that documents may be lost, misplaced or destroyed. However, Plaintiff has not provided any specific facts to demonstrate that discovery is not currently being preserved by Defendant, that Defendant is seeking to destroy evidence, that a witness or a person most knowledgeable will have a memory lapse in the near future, or that discovery would be lost if a person most knowledgeable left AcademyOne.  The stay was issued on April 15, 2013, less than one year ago.  This is not a case that has been stayed for years where memory loss could be a plausible concern.  On the other hand, Defendant will be burdened if the stay is lifted and discovery allowed because claim and issue preclusion may preclude the claims in this case. Defendant would be subject to unnecessary cost and expense of litigating a case that could be legally barred.  Based on the competing interests, the Court concludes that lifting the stay is not appropriate at this time.

## Conclusion

Accordingly, based on the above, the Court DENIES Plaintiff's motion to lift the stay. The hearing set for January 24, 2014 shall be **vacated**.

IT IS SO ORDERED.

DATED:  January 21, 2014

HON. GONZALO P. CURIEL
United States District Judge