1
2
3
4
5
6
7
8    **UNITED STATES DISTRICT COURT**
9    **SOUTHERN DISTRICT OF CALIFORNIA**
10   COLLEGESOURCE, INC.,                    CASE NO. 08CV1987-GPC(MDD)
11                          Plaintiff,       **ORDER OVERRULING**
                                             **PLAINTIFF'S OBJECTIONS TO**
12        vs.                                **MAGISTRATE JUDGE'S ORDER**
                                             **PURSUANT TO FEDERAL RULE**
13   ACADEMYONE, INC.,                       **OF CIVIL PROCEDURE 72**
14                          Defendant.       [Dkt. No. 260.]
15

16        Before the Court is Plaintiff's Objection to Magistrate Judge's Order on Joint
17   Motion for Determination of Discovery Dispute filed on June 22, 2015 pursuant to
18   Federal Rule of Civil Procedure ("Rule") 72.  (Dkt. No. 254.)  Defendant filed an
19   opposition.  (Dkt. No. 267.)  Plaintiff filed a reply.  (Dkt. No. 268.)  Based on the
20   reasoning below, the Court OVERRULES Plaintiff's Objection to the Magistrate
21   Judge's order.

22                               **Background**
23        On  October  27,  2008,  Plaintiff  CollegeSource,  Inc.  ("Plaintiff"  or
24   "CollegeSource") filed this action against Defendant AcademyOne, Inc. ("Defendant"
25   or "AcademyOne") alleging numerous causes of action based on Defendant's alleged
26   improper access and use of Defendant's databases.  On September 21, 2009, Plaintiff
27   filed a notice of appeal of the district court's order granting motion to dismiss for lack
28

1  of personal jurisdiction.[1]  (Dkt. Nos. 93, 99.)

2       While this case was dismissed and on appeal with the Ninth Circuit, on July 20,

3  2010, CollegeSource filed a separate complaint against AcademyOne in the United

4  States District Court for the Eastern District of Pennsylvania alleging similar causes of

5  action. See CollegeSource, Inc. v. AcademyOne, Inc., No. 10-CV-3542 (E.D. Pa., filed

6  July 20, 2010) ("the Pennsylvania Action).

7       In the Pennsylvania Action, AcademyOne filed a motion for summary judgment

8  on all of CollegeSource's claims on February 27, 2012.  (Pennsylvania Action,

9  10cv3542-MAM, Dkt. No. 164.)  After full briefing, the Pennsylvania district court

10  held a hearing on AcademyOne's motions on June 13, 2012. (Id., Dkt. No. 206.)  On

11  September 21, 2012, after the motion for summary judgment was fully briefed and after

12  having had oral argument, CollegeSource filed a motion for leave to supplement its

13  opposition to Defendant's motion for summary judgment and conduct additional

14  discovery based on newly uncovered evidence due to excusable neglect. (Id., Dkt. No.

15  222.) On September 27, 2012, the Court denied Plaintiff's motion. (Id. Dkt. No. 225.)

16       On October 25, 2012, the Court in the Pennsylvania Action granted Defendant

17  AcademyOne's motion for summary judgment in its entirety.  (Id., Dkt. No. 226;

18  CollegeSource, Inc. v. AcademyOne, Inc., No. 10-3542, 2012 WL 5269213 (E.D. Pa.

19  Oct. 25, 2012.) On November 2, 2012, CollegeSource filed a notice of appeal with the

20  Third Circuit. (Pennsylvania Action, 10cv3542-MAM, Dkt. No. 228.)

21       Meanwhile, in this case, on October 15, 2012, CollegeSource filed an amended

22  motion for partial summary judgment on the merits of its case.[2]  (Dkt. No. 172.)  On

23  March 8, 2013, AcademyOne filed an opposition to Plaintiff's motion for summary

24  judgment which included an expert report by Paul Lewis dated March 8, 2013. (Dkt.

25  No. 215, Landou Decl., Ex. A, Lewis' Rebuttal Expert Report (filed under Seal).) On

26  _____

27  [1]District Judge Marilyn L. Huff ruled on the motion to dismiss prior to the case being transferred to the undersigned judge on October 4, 2012. (Dkt. No. 164.)

28  [2]On September 26, 2011, the Ninth Circuit reversed the district court's decision and remanded the case to the district court.  (Dkt. No. 110.)

March 29, 2013, Plaintiff filed objections to Lewis' Report.  (Dkt. No. 219.)

On November 28, 2012, AcademyOne filed a motion for summary judgment based on claim and issue preclusion based on the district court's ruling granting its motion for summary judgment in the Pennsylvania Action. (Dkt. No. 186.) On March 11, 2013, CollegeSource filed a motion to stay and a motion to refer summary judgment related motion to Magistrate Judge Dembin for report and recommendation. (Dkt. Nos. 204, 207.)  On April 15, 2013, the Court granted Plaintiff's motion to stay the case pending a ruling by the Third Circuit.  (Dkt. No. 230.)  On April 16, 2013, the Court terminated all pending motions subject to reopening once the stay is lifted. (Dkt. No. 231.)

On February 5, 2015, the Third Circuit affirmed the district court's grant of summary judgment in favor of Defendant.  <u>CollegeSource, Inc. v. AcademyOne, Inc.</u>, 597 F. App'x 116 (3d Cir. 2015).  On March 6, 2015, Defendant filed a notice of denial of rehearing by the Third Circuit. (Dkt. No. 239.) On May 14, 2015, Plaintiff informed the Court it would not file a petition for certiorari with the United States Supreme Court.  (Dkt. No. 245.)

On May 28, 2015, the Court granted the parties' joint motion to lift the stay and set a telephonic status conference.  (Dkt. No. 247.)  At the status hearing, the Court indicated it would first rule on Defendant's motion for summary judgment on claim preclusion based on the judgment in the Pennsylvania action before ruling on Plaintiff's motion for partial summary judgment concerning liability. (Dkt. No. 252 at 5[3].)  Subsequently, the Court set a briefing schedule on Defendant's motion for summary judgment based on claim preclusion.  (Dkt. No. 249.)  At the hearing, Plaintiff raised a discovery issue, and the Court directed the parties to the Magistrate Judge.  (Dkt. No. 252.)

On June 16, 2015, the parties filed a joint motion for determination of a dispute regarding production of material considered by Defendant's expert Paul Lewis in his

---

[3]The page number is based on the CM/ECF pagination.

expert report, (Dkt. No. 215), submitted in opposition to Plaintiff's motion for partial summary judgment in March 2013.  (Dkt. No. 253.)  On June 22, 2015, the Magistrate Judge denied the joint motion for discovery dispute regarding materials considered by Defendant's expert.  (Dkt. No. 254.)  On July 6, 2015, based on the Magistrate Judge's ruling, Plaintiff filed a notice of reopening of its motion for partial summary judgment.  (Dkt. No. 259.)

On the same day, Plaintiff filed the instant Objection to the Magistrate Judge's ruling denying its motion to compel Defendant's expert, Paul Lewis, to produce the materials he relied on in his expert report.  (Dkt. No. 260.)

**A.     Standard of Review of Magistrate Judge's Discovery Order**

Under Federal Rule of Civil Procedure 72(a), aggrieved parties may file objections to the rulings of a magistrate judge in non-dispositive matters within fourteen days.  Fed. R. Civ. P. 72(a).  In reviewing a magistrate judge's order, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); see also United States v. Raddatz, 447 U.S. 667, 673 (1980); Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir. 2002).  A magistrate judge's legal conclusions are reviewable *de novo* to determine whether they are "contrary to law" and findings of fact are subject to the "clearly erroneous" standard.  Perry v. Schwarzenegger, 268 F.R.D. 344, 348 (N.D. Cal. 2010).

Plaintiff argues that the Court should review the Magistrate Judge's ruling *de novo* because it relates to the parties' respective cross motions for summary judgment.  Defendant contends that "clearly erroneous or contrary to law" standard should apply because the Magistrate Judge's ruling did not dispose of any claims or defenses in the case and the *de novo* standard does not apply just because the discovery relates to a motion for summary judgment.

The Court need not make a determination on which standard of review applies because even under the *de novo* standard, Plaintiff is not entitled to relief.

**B.     Relevance to Plaintiff's Motion for Partial Summary Judgment**

First, the Magistrate Judge ("MJ") noted that Plaintiff's request for discovery referenced in Lewis' report mirror the objections made by Plaintiff to the Report in March 2013. At that time, Plaintiff did not seek discovery and only sought to exclude certain opinions of Lewis. The Magistrate Judge concluded that it found no basis to order the Judge requested discovery in relation to Plaintiff's terminated motion for partial summary judgment. (Dkt. No. 254.)

Plaintiff objects arguing that the Magistrate Judge improperly made its determination due to the fact that the MJ assumed the motion was terminated. Defendant asserts that the Magistrate Judge correctly ruled because Plaintiff's motion for partial summary judgment was not pending at the time.

At the status hearing, this Court indicated that it would first rule on AcademyOne's motion for summary judgment on claim preclusion before ruling on Plaintiff's motion for partial summary judgment due to the potential possibility that Plaintiff's motion for summary judgment could be mooted by the Court's ruling on Defendant's motion. (Dkt. No. 252 at 4-5.) The question posed to the MJ was "whether or not these discovery matters need to be addressed at this point given the motion that will be considered in August or whether or not the discovery issue should be stayed until the Court decides the motion." (Dkt. No. 252 at 11.)

Notwithstanding whether the MJ's ruling hinged on the fact that the Plaintiff's motion was terminated and not refiled, the issue before the MJ was whether the requested discovery is relevant to AcademyOne's motion for summary judgment, not CollegeSource's motion for summary judgment. (See Dkt. No. 252 at 5, 11.) In its objection, besides arguing that the MJ improperly denied its request for discovery because there was no motion "pending", CollegeSource does not provide any reason why discovery is needed. The joint motion before the MJ also provides no reason why discovery is needed on Plaintiff's motion for summary judgment at this time. (Dkt. No. 253 at 2-4.) The Court concludes that Plaintiff has not demonstrated that discovery is

1    needed at this time on its motion for summary judgment that is not currently being

2    considered by the Court even though Plaintiff has now reopened its motion.

3        Accordingly, the Court OVERRULES Plaintiff's objection to the MJ's ruling on

4    this issue.

5    **C.    Relevance to Defendant's Pending Motion for Summary Judgment**

6        Plaintiff seeks discovery of materials Defendant's expert, Paul Lewis, a forensic

7    computer expert, allegedly considered, but did not produce, in his expert report filed

8    in opposition to Plaintiff's motion for partial summary judgment in March 2013.

9    According to CollegeSource, Lewis relied on a copy of Defendant's Apple server that

10   was different than the one produced to Plaintiff, and it did not discover this until Lewis

11   filed his rebuttal expert report in March 2013, which was months after judgment had

12   been entered in the Pennsylvania action.  Plaintiff argues because Lewis considered an

13   Apple server different than what was produced, it demonstrates that Defendant deleted

14   files from its Apple server prior to production.  Plaintiff argues it was deprived of

15   "crucial evidence" to litigate the claims in the Pennsylvania action, and recovery of the

16   alleged deleted files from expert Lewis' copy of the Apple server would constitute

17   "crucial evidence" that would make it impossible for defendant to establish the "full

18   and fair opportunity" element.

19       Defendant contends that the motion for summary judgment does not rely or cite

20   to Lewis' expert report, and the issue of claim preclusion is a legal issue.  According

21   to Defendant, the court looks at whether Plaintiff lacked a fair opportunity to prosecute

22   its claim.  Lastly, it argues that Plaintiff challenged Defendant's production of its Apple

23   backup server on multiple occasions in the Pennsylvania action.

24       In the joint motion for discovery dispute before the MJ, Plaintiff argued that the

25   materials considered by Lewis "may be highly relevant for plaintiff to present evidence

26   in opposition to defendant's summary judgment motion . . . ." and for the Court to

27   determine whether it was deprived of crucial evidence or witnesses in the prior

28   litigation.  (Dkt. No. 253 at 6.)

On June 22, 2015, the Magistrate Judge denied Plaintiff's motion to compel and concluded that the relevance of the allegedly undisclosed materials relied upon by Lewis to determine whether Plaintiff had a full and fair opportunity to litigate its case in the federal court in Pennsylvania is "not apparent" and appeared to the Court that whether Plaintiff had a full and fair opportunity to litigate is a legal question capable of determination without further discovery. (Dkt. No. 254 at 3-4.)

Defendant's motion for summary judgment is based on both the doctrines of claim preclusion and issue preclusion. (Dkt. No. 251-1.)  Plaintiff argues that under the United States Supreme Court ruling in Blonder-Tongue Labs., Inc. v. Univ. of Illionois Fdn., 402 U.S. 313 (1971), it was deprived of "crucial evidence" in the prior litigation.  Defendant argues that all that is required is the minimum procedural requirements of due process which Plaintiff received in the Pennsylvania Action.

The Court applies the federal law of claim preclusion when considering the preclusive effect of a federal court judgment. First Pacific Bancorp., Inc. v. Helfer, 224 F.3d 1117, 1128 (9th Cir. 2000).  Under federal law, the party moving on collateral estoppel bears the burden to demonstrate that the opposing party had a full and fair opportunity to litigate the issues. See In re Associated Vintage Group, Inc., 283 B.R. 549, 562 (9th Cir. 2002).  While Defendant will have the burden to demonstrate that Plaintiff had a full and fair opportunity to litigate the issues in the Pennsylvania Action in its motion for summary judgment, at this junction, the issue raised by Plaintiff, in this motion, is a motion to compel discovery of documents, and the burden is on Plaintiff to make a showing that discovery is warranted.

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980) (citation omitted).  "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Id. (citation omitted).  "Res

1   judicata and collateral estoppel relieve parties of the cost and vexation of multiple

2   lawsuits, conserve judicial resources, and, by preventing inconsistent decisions,

3   encourage reliance on adjudication." Id.

4          The Ninth Circuit prefers the use of the terms claim preclusion and issue

5   preclusion. Robi v. Five Platters, Inc., 838 F.2d 318, 321-22 (9th Cir. 1988).

6          The doctrine of "claim preclusion" bars the relitigation of a claim, even

7          if the particular theories of recovery or defenses raised in the second
           proceeding were not actually litigated in the first action. Claim

8          preclusion is also known as the doctrine of merger and bar, and is
           synonymous with "res judicata" when that expression is used in a

9          narrow sense. The doctrine of "issue preclusion" bars the relitigation
           of all issues that were litigated in a prior proceeding, even if the second

10         proceeding is an action on a claim different from the one asserted in
           the first action. Issue preclusion encompasses the doctrines of direct
           and collateral estoppel.

11

12   Shaw v. State of California, 788 F.2d 600, 605 (9th Cir. 1986).

13         Claim preclusion and issue preclusion cannot be used as a bar "when the party

14   against whom the earlier decision is asserted did not have a 'full and fair opportunity'"

15   to litigate that issue in the earlier case. Kremer v. Chemical Const. Corp., 456 U.S.

16   461, 480-81 & n.22 (1982); Shaw v. State of Cal. Dept. of Alcoholic Beverage Control,

17   788 F.2d 600, 606 (9th Cir. 1986) (citing Kremer, 456 U.S. at 482-83 & n. 22) ("The

18   Supreme Court has held that neither claim nor issue preclusion can be applied by a

19   federal court if there was not a full and fair opportunity to litigate in the state

20   proceeding.").

21         In determining whether a party had a full and fair opportunity to litigate in the

22   prior suit, the United States Supreme Court considered whether "without fault of [its]

23   own . . . [the plaintiff] was deprived of crucial evidence of witnesses in the first

24   litigation." Blonder-Tongue, 402 U.S. at 333 (patentee seeking to relitigate the validity

25   of a patent after a federal court in a previous lawsuit has already declared it invalid).

26    Other factors the Court noted was the choice of forum, the incentive to litigate, any

27   indication that the first court failed to fully grasp the issues, and whether a party,

28   without fault on its part, was deprived of crucial evidence or witnesses. Id. at 332-33.

1    The decision rests with the trial court's "sense of justice and equity." <u>Id.</u> at 334.

2    "Redetermination of issues is warranted if there is reason to doubt the quality,

3    extensiveness, or fairness of procedures followed in prior litigation." <u>Kremer</u>, 456 U.S.

4    at 481 (citations omitted); <u>Shaw v. State of Cal. Dept. of Alcoholic Beverage Control</u>,

5    788 F.2d 600, 606 (9th Cir. 1986) (citing <u>Kremer</u>, 456 U.S. at 482-83 & n. 24).

6        The Court concludes it does not need discovery that Plaintiff seeks to decide

7    whether Plaintiff had a full and fair opportunity to litigate the issues in the

8    Pennsylvania Action. The arguments and facts raised in the parties' briefs addressing

9    whether Plaintiff had a full and fair opportunity to litigate the Pennsylvania Action is

10    an issue to be fully briefed and addressed on Defendant's motion for summary

11    judgment on claim and issue preclusion. If the Court finds Plaintiff was deprived of

12    a full and fair opportunity to litigate, then its causes of action will not be barred by

13    issue and claim preclusion, and Plaintiff's discovery request will most likely be granted

14    at that time. However, at this point of the proceedings, it is premature for the Court to

15    order discovery.[4] Accordingly, the Court OVERRULES Plaintiff's Objection to the

16    MJ's ruling.

17    **D.   Request for Judicial Notice**

18        Defendant filed a request for judicial notice in support of its opposition to

19    Plaintiff's objection to Magistrate Judge's order. (Dkt. No. 266.) The request includes

20    publically filed documents with the District Court for the Eastern District of

21    Pennsylvania and the Third Circuit. Plaintiff opposes arguing that these documents are

22    not relevant to the instant issue of materials considered by Defendant's expert, Paul

23    Lewis, and not proper as they were not presented to the MJ.

24        The court "may judicially notice a fact that is not subject to reasonable dispute

25    because it . . . can be accurately and readily determined from sources whose accuracy

26    cannot reasonably be questioned." Fed. R. Evid. 201. Court filings and other matters

27

28         [4]The Court notes that neither party presented cases where discovery was sought in order to demonstrate a full and fair opportunity to litigate.

1  of public policy are subject to judicial notice.  See Reyn's Pasta Bella, LLC v. Visa

2  USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006).

3      Because the Court concludes that the records are not relevant in determining

4  whether the request for discovery should be granted, the Court DENIES Defendant's

5  request for judicial notice.

6                                **Conclusion**

7      Based on the above, the Court OVERRULES Plaintiff's objections to the

8  Magistrate Judge's ruling denying it leave to conduct discovery.

9      IT IS SO ORDERED.

10

11  DATED:  August 12, 2015

12

13                      HON. GONZALO P. CURIEL
                        United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28