1

2

3

4

5

6

7

8               **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10   COLLEGESOURCE, INC.,                    CASE NO. 08CV1987-GPC(MDD)

11                              Plaintiff,   **ORDER DENYING PLAINTIFF'S**
                                             **MOTION FOR**
12        vs.                                **RECONSIDERATION**

13   ACADEMYONE, INC.,                       [Dkt. No. 288.]

14                              Defendant.

15

16        Before the Court is Plaintiff's motion for reconsideration of the Court's order

17   filed on September 24, 2015, (Dkt. No. 283), granting Defendant's motion for summary

18   judgment on the ground of claim preclusion based on a prior judgment in the District

19   Court for the Eastern District of Pennsylvania.  (Dkt. No. 288.)  Defendant filed an

20   opposition, and Plaintiff replied. (Dkt. Nos. 292, 293.)  Based on the reasoning below,

21   the Court DENIES Plaintiff's motion for reconsideration.

22                                 **Discussion**

23   **A.    Legal Standard on Motion for Reconsideration**

24        Plaintiff moves the Court to reconsider its prior order granting Defendant's

25   motion for summary judgment pursuant to Federal Rule of Civil Procedure ("Rule")

26   59(e) and 60(b), and requests that the Court make additional findings of fact pursuant

27   to Rule 52(b).  Defendant opposes.

28   / / / /

1        A district court may reconsider a grant of summary judgment under either Rule

2  59(e)[1] or Rule 60(b). <u>Sch. Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc.</u>, 5 F.3d

3  1255, 1262 (9th Cir. 1993).  The Court has discretion in granting or denying a motion

4  for reconsideration.  <u>Fuller v. M.G. Jewelry</u>, 950 F.2d 1437, 1441 (9th Cir. 1991).  A

5  motion for reconsideration should not be granted absent highly unusual circumstances.

6  <u>389 Orange St. Partners v. Arnold</u>, 179 F.3d 656, 665 (9th Cir. 1999).  A motion for

7  reconsideration cannot be used to ask the Court to rethink what the Court has already

8  thought through merely because a party disagrees with the Court's decision.  <u>Collins</u>

9  <u>v. D.R. Horton, Inc.</u>, 252 F. Supp. 2d 936, 938 (D. Az. 2003) (citing <u>United States v.</u>

10  <u>Rezzonico</u>, 32 F. Supp. 2d 1112, 1116 (D. Az. 1998)).

11        A motion for reconsideration, under Rule 59(e), is "appropriate if the district

12  court (1) is presented with newly discovered evidence; (2) clear error or the initial

13  decision was manifestly unjust, or (3) if there is an intervening change in controlling

14  law."  <u>Sch. Dist. No. 1J, Multnomah County, Or.</u>, 5 F.3d at 1263; <u>see also</u> <u>Ybarra v.</u>

15  <u>McDaniel</u>, 656 F.3d 984, 998 (9th Cir. 2011).  "[R]econsideration of a judgment after

16  its entry is an extraordinary remedy which should be used sparingly."  <u>McDowell v.</u>

17  <u>Calderon</u>, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999) (quoting 11 Charles Alan Wright,

18  Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed.

19  1995)).  Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or

20  present evidence that could have been raised prior to the entry of judgment."  <u>Exxon</u>

21  <u>Shipping Co. v. Baker</u>, 554 U.S. 471, 485 n. 5 (2008) (citation omitted); <u>see also</u>

22  <u>Carroll v. Nakatani</u>, 342 F.3d 934, 945 (9th Cir. 2003) ("A Rule 59(e) motion may not

23  be used to raise arguments or present evidence for the first time when they could

24  reasonably have been raised earlier in the litigation.") (citing <u>Kona Enters. v. Estate of</u>

25  <u>Bishop</u>, 229 F.3d 877, 890 (9th Cir. 2000)).

26  / / / /

27

28       [1]Rule 59(e) provides for a motion to alter or amend a judgment. Fed. R. Civ. P. 59(e).

1    In addition, Rule 60(b) "provides for reconsideration only upon a showing of (1)

2  mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4)

3  a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary

4  circumstances' which would justify relief." Sch. Dist. No. 1J, Multnomah County, Or.,

5  5 F.3d at 1263 (quotation omitted).

6    Rule 52(b) provides that "the court may amend its findings--or make additional

7  findings--and may amend the judgment accordingly. The motion may accompany a

8  motion for a new trial under Rule 59." Fed. R. Civ. P. 52(b).  Rule 52(a) also provides

9  that the "court is not required to state findings or conclusions when ruling on a motion

10  under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion."

11  Fed. R. Civ. P. 52(a)(3); see also Bright v. Bechtel Petroleum, Inc., 780 F.2d 766, 772

12  (9th Cir. 1986).  The Advisory Notes further states that "[t]he last sentence of Rule

13  52(a) as amended will remove any doubt that findings and conclusions are unnecessary

14  upon decision of a motion, particularly one under Rule 12 or Rule 56 . . . ." Fed. R.

15  Civ. P. 52(a) advisory committee notes (1946 amendment).  While findings of fact

16  under Rule 52(a) are unnecessary on decisions of motions for summary judgment, they

17  are permissible and helpful for appellate review.  Gaines v. Haughton, 645 F.2d 761,

18  768 n. 13 (9th Cir. 1981), overruled on other grounds by In the Matter of McLinn, 739

19  F.2d 1395, 1397 (9th Cir. 1984).

20    Here, Plaintiff moves for reconsideration based on the need to correct clear error

21  or to prevent manifest injustice pursuant to Rule 59(e).  It also appears[2] that Plaintiff

22  moves under Rule 60(b)(1) based on a showing of mistake, inadvertence, surprise or

23  excusable neglect, Rule 60(b)(3) based on a showing of fraud of an adverse party, and

24  Rule 60(b)(6) based on a showing of any other reason justifying relief from the

25  operation of the judgment.

26  / / / /

27

28    [2] In its introduction, Plaintiff highlights by bolding the provisions of Rule 60(b)
that it appears Plaintiff seeks to rely on. but it fails to specify which provision it seeks
to rely on in the discussion of the brief.

1

## Discussion

2  **A.** **Failure to Make the Required Finding of "No Genuine Issue as to Any**

3  **Material Fact" in Section D of the Court's Order**

4  Plaintiff argues that in Section D ("Claim Preclusion and 'Full and Fair

5  Opportunity to Litigate'") of the Court's order, the Court did not make a finding

6  regarding a triable or genuine issue of fact. (Dkt. No. 288-1 at 5.[3]) It asserts that the

7  Court's failure to specifically conclude that "there is no genuine issue as to any

8  material fact" "seriously affect the fairness, integrity, or public reputation of judicial

9  proceedings." (Id. at 8.) Defendant counters that it does not oppose Plaintiff's request

10  to amend the opinion to more clearly state that there is no genuine issue of material

11  fact; however, Defendant asserts that it is clear how the Court ruled and Plaintiff's

12  request is unnecessary.

13  On the issue of whether there was a "full and fair opportunity to litigate" the

14  issues in the Pennsylvania action, the Court's order concluded,

15  > The arguments raised by CollegeSource are, as AcademyOne argues,
direct attacks on the decisions of the district court in Pennsylvania and
16  > the Third Circuit. The Court agrees and declines to reconsider the
rulings of the Pennsylvania courts. Based on the above, the Court
17  > concludes that Plaintiff had a full and fair opportunity to litigate all
issues in the prior litigation in Pennsylvania. The case was vigorously
18  > litigated by both parties, and the district court and the Third Circuit
provided a comprehensive analysis on all the issues presented by the
19  > parties. Since Plaintiff had a full and fair opportunity to litigate the
issues in the prior case, the Court GRANTS Defendant's motion for
20  > summary judgment on the seven claims where judgment was entered
in favor of AcademyOne for violation of the U.S. Computer Fraud and
21  > Abuse Act, breach of contract, unjust enrichment, trademark
infringement under the Lanham Act, unfair competition under the
22  > Lanham Act, false advertising under the Lanham Act, and declaration
of trademark invalidity.

23

24  (Dkt. No. 283 at 32-33.) It is understood that the Court's order granting Defendant's

25  motion for summary judgment results in the conclusion that there are no genuine issues

26  as to any material fact, and it is clear from the discussion in the order that there are no

27  triable issues. Plaintiff provides no persuasive authority that any omission constitutes

28

[3]The page numbers are based on the Court's CM/ECF pagination.

- 4 -                                            [08CV1987-GPC(MDD)]

1   clear error or "seriously affect[s] the fairness, integrity, or public reputation of judicial
2   proceedings."

3        In support of its position, Plaintiff relies on <u>United States v. Atkinson</u>, 297 U.S.
4   157, 160 (1936), and <u>Hall v. City of L.A.</u>, 697 F.3d 1059, 1072 (9th Cir. 2012).
5   However, both cases are inapposite.  For example, in <u>Hall</u>, the Ninth Circuit, to avoid
6   a serious manifest injustice, sua sponte remanded the case based on the district court's
7   error in denying the Plaintiff's request to amend the complaint to incorporate a Fifth
8   Amendment claim.  <u>Id.</u> at 1071.  The Court remanded the case to allow a defendant,
9   already in prison for 19 years for a crime he did not commit and based on a
10  "constitutionally questionable" interrogation, to amend his complaint to include a Fifth
11  Amendment coerced confession claim.  <u>Hall</u>, 697 F.3d at 1072.  Such manifest injustice
12  is not present in this case.

13       Contrary to Plaintiff's argument, numerous findings of fact were made by the
14  Court concerning whether Plaintiff had a full and fair opportunity to litigate the
15  Pennsylvania Action, (Dkt. No. 283 at 13-33), and the Court applied the correct legal
16  standard to the facts.  The omission of the language at the conclusion that "there are no
17  genuine issues of fact" on the "full and fair opportunity to litigate" does not
18  compromise the "fairness, integrity or public reputation of judicial proceedings," and
19  does not result in manifest injustice or clear error.  Accordingly, Plaintiff has failed to
20  demonstrate that the Court should amend its order to add a conclusion already
21  understood by the order, and the Court DENIES Plaintiff's motion for reconsideration
22  on this ground.

23  **B.**    **Court's Order Contains Incorrect or Ambiguous References to "Discovery"**
24       **instead of "Evidence"**

25       Plaintiff next asserts that under "Rule 59(e) or 22(b)[4]," (Dkt. No. 288-1 at 9), the
26
27
28

---

[4]It appears that Plaintiff meant to state Rule 52(b).

court should alter, amend or made additional findings to correct or clarify certain[5] specified references to "discovery" to make clear that it had "evidence" that established Defendant made false statements to CollegeSource and the court regarding IP addresses and usernames/passwords of Plaintiff's customers, and that Defendant destroyed over 88,000 electronic documents on the copy of the Apple server provided to Plaintiff. Plaintiff argues there is a critical distinction between "evidence" and "discovery" that is relevant to the "full and fair opportunity to litigate" issues. According to Plaintiff, "'evidence' refers to concrete actual documents or testimony that tend to prove (or disprove) a fact. The word 'discovery' generally refers to the request for such documents or testimony." (Id. at 9.) Therefore, the Court should replace certain references of "discovery" with the word "evidence."

Defendant argues that Plaintiff's proposed amendments are unnecessary and inaccurate. First, it asserts that there is no basis under Rules 59, 60 or 52 to edit the words because Plaintiff does not claim that the Court's supposedly incorrect word choices actually led to an incorrect ruling. Second, it argues that there is no crucial distinction between evidence and discovery. Lastly, even if Plaintiff's argument is correct, there is no error in the Court's description of the Pennsylvania proceedings.

First, Plaintiff argues that the Court's order cites cases regarding the denial of "discovery" instead of the relevant "crucial evidence" standard as stated in Blonder-Tongue Labs., v. Univ. of Illinois Fdn., 402 U.S. 313 (1971). In raising the full and fair opportunity to litigate, Plaintiff questioned the Pennsylvania courts' rulings on its late filed motion for leave to supplement its opposition to Defendant's motion for summary judgment and conduct additional discovery. (Dkt. No. 273 at 5, 17-18.) The motion for leave to supplement addressed "newly" discovered evidence and a request to conduct discovery on the "new" evidence, which the Pennsylvania district court denied. (Pennsylvania Action, Case No. 10cv3542-MAM, Dkt. Nos. 222, 225.)

---

[5]Plaintiff provides a list of corrections it seeks to make in its brief. (Dkt. No. 288-1 at 9-11.)

1  Moreover, the Third Circuit noted that the primary relief sought in Plaintiff's motion
2  for leave to supplement was the "the reopening of the discovery period, which would
3  have allowed CS to serve the newly discovered evidence and explore it further."
4  CollegeSource, Inc. v AcademyOne, Inc., 597 F' Appx. 116, 124 n. 5 (9th Cir. 2015).
5  The Third Circuit viewed Plaintiff's motion to supplement its filings and reopen
6  discovery as a  motion to reopen discovery governed by Rule 16(b).  Id. at 124.

7  Since Plaintiff's motion for leave to supplement involved conducting additional
8  discovery in the Pennsylvania court, this Court addressed discovery and related cases
9  as it concerns an analysis of a "full and fair opportunity to litigate."  Moreover, in its
10  analysis, the Court notes that it also considered cases that discussed a deprivation of
11  "crucial evidence."  (Dkt. No. 283 at 18.)  Contrary to Plaintiff's contention, the
12  Court's analysis on full and fair opportunity to litigate did not solely focus on
13  discovery.

14  As to Plaintiff's other requests to change certain "discovery" words to
15  "evidence," (Dkt. No. 288-1 at 9-11), the Court does not find that they are ambiguous
16  or inaccurate, and finds no legal basis to make the changes under Rules 59(e) or 52(b).
17  Plaintiff alleges it seeks these changes to make clear that it had evidence that
18  established AcademyOne "made false statements to CS and the court regarding IP
19  addresses and usernames/passwords of CS customers; and (2) A1 destroyed over
20  88,000 electronic documents on the copy of the Apple server provided to CS." (Dkt.
21  No. 288-1 at 9.)  However, Plaintiff's arguments are already a part of the record, and
22  the Court's order references Plaintiff arguments concerning the alleged evidence. (Dkt.
23  No. 283 at 13-14.)  Accordingly, the Court DENIES Plaintiff's motion on this ground.

24  **C.    Incorrect Fact That "The Pennsylvania Court and Third Circuit Were Only**
25  **Presented with Whether AcademyOne Accessed Plaintiff's Catalog**
26  **Through Catalink Because that was the Only Admissible Evidence"**

27  Plaintiff asserts that the Court's order contains the following incorrect fact,
28  "Therefore, the Pennsylvania district court and Third Circuit were only presented with

whether AcademyOne accessed Plaintiff's catalog through CataLink because that was the only admissible evidence." (Dkt. No. 283 at 25.)  Plaintiff argues that the Court's conclusion was incorrect because it raised seven categories of non-excluded evidence in its opening brief to the Third Circuit and the Petition for Rehearing En Banc and for Panel Rehearing.  In response, Defendant argues the Court did not overlook the non-excluded evidence before the Pennsylvania courts.

On the question whether the Pennsylvania courts failed to grasp a technical subject matter, Plaintiff argued, in opposing Defendant's motion for summary judgment, that the Pennsylvania courts were unable to make the distinction between Plaintiff's catalogs in AcademyOne's possession through Catalink and catalogs accessed via username/password login. (Dkt. No. 273 at 16.)  When Plaintiff raised the argument concerning unauthorized access to its computers, it centered on the distinction between access through Catalink and username/password login.  Plaintiff's opening paragraph under the heading "CS Catalogs Available Through Catalink" states

> The Pennsylvania Court's and Third Circuit's inability to distinguish between CS's catalogs in A1's possession available through Catalink versus username/password login supports a finding (or at least a triable issue of fact) that the court "wholly failed to grasp the technical subject matter and issues in suit." Blonder-Tongue, 402 U.S. at 333.

(Id. at 16.)  In analyzing these two methods of access and based on the Pennsylvania court's decision to exclude the username/password login method discovered late by Stan Novak, the Court concluded that the "Pennsylvania district court and Third Circuit were only presented with whether AcademyOne accessed Plaintiff's catalog through CataLink because that was the only admissible evidence." (Dkt. No. 283 at 25.)  In its order, the Court noted that even Plaintiff acknowledged that the username/password issue was not before the Pennsylvania district court.  (Id.)  The challenged finding merely recognized Plaintiff's admission and did not operate to ignore non-excluded evidence supporting the argument that Defendant had accessed catalogs through means other than Catalink.

Along these lines, Plaintiff, in its opposition to Defendant's motion for summary

judgment, wrote that its "petition for rehearing pointed out that the Third Circuit had overlooked admitted evidence establishing A1 accessed non-Catalink catalogs" which Plaintiff now claims includes the seven categories of non-excluded evidence. (Dkt. No. 273 at 17.)  Plaintiff fails to acknowledge that the Court further discussed Plaintiff's argument that the Pennsylvania courts should have inferred that Defendant accessed Plaintiff's catalog through means other than CataLink.  (Dkt. No. 283 at 26.)  The Court concluded that these arguments were raised with the Third Circuit and Plaintiff did not demonstrate that the Pennsylvania courts "failed to wholly grasp a technical subject matter."  (Id. at 27.)

In its order, the Court responded to each of Plaintiff's arguments which included the distinction between "Catalink versus username/password login" and how the Pennsylvania courts overlooked admitted evidence establishing that Defendant accessed non-Catalink catalogs.  Moreover, Plaintiff does not allege that the Court's ultimate ruling that the Pennsylvania courts did not fail to grasp a technical subject matter was incorrect, and its argument is not subject to reconsideration under Rules 59(e) and 60(b).  The Court is also not persuaded that it should amend its findings pursuant to Rule 52(b).  Accordingly, the Court DENIES Plaintiff's motion for reconsideration on this issue.

## D.    The Court's "Could Have Been Brought" Analysis Re Three Remaining California Claims

In its motion for reconsideration, Plaintiff claims "surprise" by the briefing on the "could have been brought" choice of law issue for the three remaining California state law causes of action. (Dkt. 288-1 at 15-19.) Plaintiff maintains that AcademyOne improperly surprised CollegeSource with new law and new analysis concerning the statute of limitations and choice of law issues in its reply.  CollegeSource explains it did not seek leave to file a sur-reply because AcademyOne's moving papers did not

[08CV1987-GPC(MDD)]

1   come close to establishing the "could have been brought" choice of law standard.[6]

2 Defendant argues that the issue of whether the claim could have been brought in

3 Pennsylvania was fully briefed by the parties, and that, in its reply, it merely responded

4 to CollegeSource's argument that it could not have brought its California claims in

5 Pennsylvania. Moreover, if CollegeSource believed it did not have the opportunity to

6 address the issue adequately, it should have sought leave to file a sur-reply.

7      In its moving papers on summary judgment, Defendant asserted that Plaintiff

8 could have brought the three California causes of action in the Pennsylvania action.

9 (Dkt. No. 251-1 at 19.) In a footnote, Defendant anticipated arguments Plaintiff might

10 raise in its opposition as to the conflict of law and statute of limitations issue. (Id. n.

11 3.) In its opposition, Plaintiff responded to Defendant's argument that it could have

12 raised the California claims in Pennsylvania and argued that there was a conflict

13 between the two states' laws. In its opposition brief, Plaintiff cited to Farmers Ins.

14 Exch. v. Auto Club Grp., 823 F. Supp. 2d 847, 858 (N.D. Ill. 2011) (applying Illinois'

15 "most significant contacts" test), and Dal Ponte v. American Mort. Express Corp., No.

16 04-2152 (JEI), 2006 WL 2403982, at *5 (D.N.J. Aug. 17, 2006) (applying New

17 Jersey's "flexible 'governmental interest'" standard).[7] These cases conducted a choice

18 of law analysis, and in Dal Ponte, the court conducted an analysis of each state's

19 governmental interest. Therefore, since Plaintiff raised the choice of law analysis in

20 its opposition, Defendant properly addressed the choice of law issue in its reply.

21 Defendant addressed the governmental interest because whether the causes of action

22

23     [6]In a declaration, counsel for Plaintiff seeks to respond to additional arguments
raised in the Court's Order in light of his surprise, and argues that any "failure by me
24 to present such additional arguments earlier is the result of my mistake or excusable
neglect." (Dkt. No. 288-2, Quinn Decl. ¶ 6.) However, the Ninth Circuit has held that
25 attorney error cannot provide grounds to vacate a judgment under "excusable neglect"
or "mistake." Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1100-01 (9th
26 Cir. 2006) ("A party will not be released from a poor litigation decision made because
of inaccurate information or advice even if provided by an attorney.").

27

28     [7]New Jersey and Pennsylvania employ the same choice of law analysis. See
Lebegern v. Forman, 471 F.3d 424, 433 (3d Cir. 2006); Cannon v. Hilton Hotels Corp.,
664 F. Supp. 199, 200 (E.D. Pa. 1987).

[08CV1987-GPC(MDD)]

1    could have been brought in Pennsylvania hinges on the governmental interest analysis.[8]

2    The Court concludes that Defendant did not raise new issues or evidence but

3    responded to the choice of law issue raised by Plaintiff in its opposition.  See United

4    States v. Taibi, No. 10–CV–2250 JLS (CAB), 2012 WL 553143, at *4 (S.D. Cal. Feb.

5    21, 2012) ("[B]ecause the [ ] documents respond directly to Defendant's allegations

6    made in his opposition brief, the Court finds it may properly consider this rebuttal

7    evidence even though it was offered for the first time in Plaintiff's reply brief,"); EEOC

8    v. Creative Networks, LLC and Res–Care, Inc., No. CV–05–3032–PHX–SMM, 2008

9    WL 5225807, at *2 (D. Ariz. Dec. 15, 2008) (denying a motion to strike because the

10   challenged evidence was not "new," as it properly rebutted arguments raised in

11   opposition to a motion for summary judgment); Aguirre v. Munk, No. C 09–763 MHP,

12   2011 WL 2149087, at *13 (N.D. Cal. June 1, 2011) ("There was no new evidence in

13   defendants' reply. Any shift in focus between the motion and the reply was responsive

14   to Aguirre's arguments and 'evidence' in opposition that were different from the

15   allegations in the amended complaint."). Accordingly, Plaintiff's argument that it was

16   "surprised" by new issues and evidence in Defendant's reply is without merit.

17       **1.    Impact of Court's Ruling on its Order Dismissing the California**

18            **Action for Lack of Personal Jurisdiction On the Choice of Law**

19            **Analysis**

20   Plaintiff argues that the Court did not discuss the impact of the California district

21   court's rulings in the Order Granting Defendant's Motion to Dismiss for Lack of

22   Personal Jurisdiction filed on August 24, 2009, (Dkt. No. 93).  It argues that the district

23   court's ruling granting Defendant's motion to dismiss for lack of personal jurisdiction

24   made the constitutional application of California law in Pennsylvania likely impossible

25   at the time CollegeSource filed the Pennsylvania action and it was constrained by the

26   ruling at the time.  Plaintiff argues that in order for its California claims to be asserted

27

28        [8]In its order, the Court noted that Plaintiff, in its opposition, failed to fully
     address the choice of law issue and only argued that there was a conflict between the
     two states' laws without an analysis of each state's governmental interest.

1  in Pennsylvania, California must have a "significant contact or significant aggregation

2  of contacts" to the claims asserted and that contacts for personal jurisdiction and choice

3  of law inquires are closely related.  Since the district court dismissed this case for lack

4  of personal jurisdiction, Plaintiff argues that its California claims could not have been

5  brought in Pennsylvania.

6         In response, Defendant contends that CollegeSource argued before this Court

7  and the Ninth Circuit that there are a number of contacts between California and the

8  claims at issue in this case and cannot now argue that California had "no significant

9  contact" with the claims. Moreover, the Ninth Circuit reversed the district court's

10 ruling on August 8, 2011 and Plaintiff could have moved to amend its Pennsylvania

11 complaint to include California claims.

12        On August 24, 2009, this Court granted Defendant's motion to dismiss for lack

13 of personal jurisdiction. (Dkt. No. 93.) On September 21, 2009, Plaintiff filed a notice

14 of appeal of the Court's order.  (Dkt. No. 99.)  On July 20, 2010, Plaintiff filed a

15 complaint in the District Court for the Eastern District of Pennsylvania.  (Pennsylvania

16 Action, Case No. 10cv3542-MAM, Dkt. No. 1.)  On August 8, 2011, the Ninth Circuit

17 reversed the district court's decision and held that while AcademyOne was not subject

18 to general personal jurisdiction in California it was subject to specific personal

19 jurisdiction in California.  CollegeSource v. AcademyOne, 653 F.3d 1066, 1070 (9th

20 Cir. 2011).

21        First, the Court notes that this issue was not raised in the underlying motion for

22 summary judgment, and cannot be a basis for reconsideration. See Carroll, 342 F.3d

23 at 945 ("A Rule 59(e) motion may not be used to raise arguments or present evidence

24 for the first time when they could reasonably have been raised earlier in the

25 litigation.").  Second, Plaintiff argued before the district court and appealed the district

26 court's ruling to the Third Circuit contending that Defendant had sufficient contacts

27 with California.  Plaintiff's argument that it was constrained by the district court's

28 initial ruling is disingenuous.  However, even if Plaintiff was constrained by the district

1  court's ruling, it could have sought leave to file an amended complaint when the Ninth

2  Circuit reversed the district court's decision on August 8, 2011.  Accordingly, the

3  Court DENIES Plaintiff's motion for reconsideration on this ground.

4       **2.    Impact of Pennsylvania Court's Refusal to Follow the "First to File**

5            **Rule" on the "Could Have Been Brought in the First Action" Analysis**

6       Plaintiff asserts that the Court's order did not discuss the impact of the

7  Pennsylvania district court's refusal to follow the first-filed rule on the "could have

8  brought" analysis regarding the California claims.  Plaintiff argues that the "could have

9  been brought analysis" typically involves the completion of the first-filed action,

10  followed by a second action filed with new claims.  However, in this case, because the

11  Pennsylvania court rejected the first-filed rule, this Court's ruling on the  "could have

12  been brought" analysis does not make sense where the California claims were actually

13  brought in the first-filed action.  Defendant opposes arguing it is not relevant that the

14  Pennsylvania court did not follow the first-filed rule because the first judgment entered

15  has preclusive effect even where the action was not filed first in the rendering court.

16       The Ninth Circuit has stated that "[w]hen the same claim or issue is litigated in

17  two courts, the second court to reach judgment should give res judicata effect to the

18  judgment of the first, regardless of the order in which the two actions were filed."

19  Americana Fabrics, Inc. v. L&L Textiles, Inc., 754 F.2d 1524, 1529 (9th Cir. 1985)

20  (citations omitted); see also Chicago, R.I. & P. Ry. Co. v. Schendel, 270 U.S. 611, 616-

21  17 (1926) ("irrespective of which action or proceeding was first brought, it is the first

22  final judgment rendered in one of the courts which becomes conclusive in the other as

23  res judicata"); Hawkins v. Risley, 984 F.2d 321, 324 (9th Cir. 1993) ("The date of

24  judgment, not the date of filing, controls the application of res judicata principles.")

25  (quoting Guild Wineries & Distilleries v. Whitehall Co., 853 F.2d 755, 761 (9th Cir.

26  1988)).

27       In reply, Plaintiff argues that Defendant's cases do not address the "could have

28  been brought" inquiry or discuss the anomalous results of precluding an actually

1  brought claim when the first-filed rule is spurned.  While the cases do not specifically

2  address the facts that arose in this case, Plaintiff also fails to cite to a case to support

3  its proposition.  The Ninth Circuit has held that regardless of which case was filed first,

4  the second court to judgment must give res judicata effect to the first judgment.  See

5  Americana Fabrics, Inc., 754 F.2d at 1529.  This rule encompasses the procedural

6  posture of this case where the first-filed case, this case, was second to judgment.

7      Moreover, the Court notes that Plaintiff did not raise this argument in its

8  opposition to Defendant's motion for summary judgment and it cannot be a basis for

9  reconsideration as this issue could have been raised at that time.  See Carroll, 342 F.3d

10  at 945.  In its opposition to Defendant's motion for summary judgment, Plaintiff raised

11  the first-filed rule and "conflicting judgment" in its discussion on "whether the rights

12  or interested established in the prior judgment would be destroyed or impaired by

13  prosecution of the second" and not as it relates to the "could have been brought in the

14  first action" analysis.  (Dkt. No. 273 at 6, 19-20.)  The Court addressed the argument

15  raised by Plaintiff in its opposition.  (Dkt. No. 283 at 39.)  Therefore, the Court did not

16  fail to consider the impact of the "first-filed" rule on the "could have brought analysis"

17  as it was not previously raised by Plaintiff.  The Court DENIES Plaintiff's motion to

18  reconsider this issue.

19      **3.    Court's Order on California Misappropriation Claim**

20      Plaintiff argues that the Court's analysis on the statute of limitations concerning

21  the claim of misappropriation highlights why the "could have been brought in the first

22  action" analysis does not apply in this case or makes no sense because the California

23  claims were actually brought in this first action.  Citing U.S. v. Liquidators of European

24  Federal Credit Bank, 630 F.3d 1139, 1151 (9th Cir. 2011), Plaintiff argues "it makes

25  no sense to apply the '**could have been brought** in the **first action**' analysis in

26  [*Liquidators*] where CS's California claims were **actually brought** in the **first-action**.

27  It is manifest or clear error to dismiss CS's **actually brought** California claims in this

28  first-filed action."  (Dkt. No. 293 at 11 (emphasis in original).)  Defendant argues that

1   Plaintiff does not challenge the conclusion that the misappropriation claim could have

2   been brought in the Pennsylvania Action and alleges that it is speculation whether

3   AcademyOne would have asserted a statute of limitations defense and that the

4   Pennsylvania Court would have dismissed the claim.

5          Again, the Court notes that this argument was not raised in the underlying motion

6   for summary judgment, and cannot be a basis for reconsideration.  See Carroll, 342

7   F.3d at 945.  Moreover, as stated above, "[w]hen the same claim or issue is litigated in

8   two courts, the second court to reach judgment should give res judicata effect to the

9   judgment of the first, regardless of the order in which the two actions were filed."  See

10  Americana Fabrics, Inc., 754 F.2d at 1529.  Therefore, the fact that Plaintiff actually

11  raised the misappropriation claim in this action does not preclude it from raising it in

12  the Pennsylvania action where Plaintiff sought to pursue another complaint based on

13  this Court's dismissal of the complaint for lack of personal jurisdiction.

14         Liquidators does not support Plaintiff's position.  In fact, Liquidators states that

15  "[r]es judicata bars relitigation of all grounds of recovery that were asserted, or could

16  have been asserted, in a previous action between the parties, where the previous action

17  was resolved on the merits."  Id. at 1151 (quoting Tahoe-Sierra Preserv. Council, Inc.

18  v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, (9th Cir. 2003)).  The case does not

19  address or assert that the "could have been brought in the first action" analysis does not

20  apply if the claim was already raised in the first action.  The relevant question is not

21  which case was first filed but which case came to judgment first.  See Americana

22  Fabrics, Inc., 754 F.2d at 1529; Chicago, R.I. & P. Ry. Co., 270 U.S. at 616-17;

23  Hawkins, 984 F.2d at 324.  In this case, the Pennsylvania action came to judgment first.

24  Plaintiff's disagreement as to the Court's legal analysis is not a matter for

25  reconsideration, but a matter for appeal.  See Collins, 252 F. Supp. 2d at 938; Sprint

26  Comms. Co., L.P. v. Western Innovations, Inc., 618 F. Supp. 2d 1121, 1122 (D. Az.

27  2009) (arguments disageeing with Court's ruling should be directed to court of

28  appeals). Accordingly, the Court DENIES Plaintiff's motion for reconsideration on the

1  misappropriation issue.

2  **4.      Court's Order Discussing Governmental Interests on California and**

3  **Pennsylvania Statutory Claims**

4        Plaintiff argues that the Court correctly concluded that California Penal Code

5  section 502 claim and statutory unfair competition claim under California Business &

6  Professions Code section 17200 *et seq.* differed significantly from Pennsylvania's

7  statutory counterpart.  However, Plaintiff contends that the Court did not consider two

8  recent cases where Pennsylvania district courts held there is a "true conflict" between

9  California's statutory unfair competition law and Pennsylvania's statutory unfair

10  competition law.  See ClubCom, Inc. v. Captive Medica, Inc., No. 07cv1462, 2009 WL

11  249446, at *7 (W.D. Pa. Jan. 31, 2009); Panthera Rail Car LLC v. Kasgro Rail Corp.,

12  No. 13-679, 2013 WL 4500468, at *11-12 (W.D. Pa. Aug. 21, 2013).  Defendant

13  contends that Plaintiff identifies no "manifest" or "clear error" to justify relief under

14  Rules 59 and 60 and that the authority the Court relied on is good law.  Moreover,

15  Defendant argues that the cases Plaintiff cites are not controlling and are not new.

16        In its analysis of the governmental interests to determine the choice of law

17  question, the Court relied on a case cited by Defendant, Fresh Start Indus., Inc. v. ATX

18  Telecomms. Servs., 295 F. Supp. 2d 521, 527 (E.D. Pa. 2003), a published opinion

19  from the Eastern District of Pennsylvania.  In the case, the district court compared

20  New Jersey's Consumer Fraud Act ("NJCFA") with Pennsylvania's Unfair Trade

21  Practices Consumer Protection Law ("UTPCPL").  The NJCFA allows corporations to

22  bring suit, but the UTPCPL excludes corporations.  The district court concluded that

23  New Jersey had an interest in protecting commercial entities as well as consumers and

24  such interest would be impaired if the UTPCPL was applied.  Id. at 527.  However,

25  Pennsylvania had no interest in the dispute since business entities are outside the scope

26  of its statute.  Id.  The district court also noted that broadening the protection to include

27  commercial entities would not impair the UTPCPL whose purpose is "to prevent unfair

28  or deceptive business practices and fraud."  Id.  Since California's unfair competition

1  statute similarly provides broader protection to corporations as New Jersey, in

2  following the reasoning of the court in <u>Fresh Start</u>, this Court concluded that

3  California's interest in protecting corporations would be impaired if the Pennsylvania

4  court applied Pennsylvania law. (Dkt. No. 283 at 28.)  Therefore, the Pennsylvania

5  court would have applied California law.

6          In its motion for reconsideration, Plaintiff cites two unpublished cases from the

7  Western District of Pennsylvania comparing the UTPCPL and California's UCL where

8  the court concluded that there was an actual conflict since both states' governmental

9  interests would be impaired.  First, these case are not new and Plaintiff could have

10  presented these cases in its opposition to Defendant's motion for summary judgment

11  and cannot be a basis for reconsideration.  <u>See Carroll</u>, 342 F.3d at 945.  Second,

12  neither of these unpublished cases are binding.

13          Even if the Court agrees with the holding in the cases cited by Plaintiff, that

14  there is a true conflict, the next step is to determine which state has the most significant

15  contacts or relationships with the particular issue.  <u>See</u> <u>Budget Rent-A-Car Sys., Inc.</u>

16  <u>v. Chappell</u>, 407 F.3d 166, 170 (3d Cir. 2005) ("If a case presents a true conflict,

17  Pennsylvania choice-of-law rules 'call for the application of the law of the state having

18  the most significant contacts or relationships with the particular issue.'")  In its motion

19  for reconsideration, Plaintiff argues and cites caselaw that the examination of contacts

20  for personal jurisdiction and for choice of law inquiries "are often closely related and

21  to a substantial degree depend on similar considerations."  (Dkt. No. 288-1 at 15

22  (quoting <u>Allstate Inc. Co. v. Hague</u>, 449 U.S. 302, 318 n. 23 (1981)).)  Therefore, based

23  on Plaintiff's line of reasoning, since the Ninth Circuit reversed the district court's

24  opinion holding that the Court has personal jurisdiction over Defendant, then the

25  Pennsylvania courts would have applied California law.  Plaintiff's arguments are not

26  compelling and the Court DENIES Plaintiff's motion for reconsideration on this

27  ground.

28  / / / /

**E.      Requests for Judicial Notice**

In its motion, Plaintiff filed a request for judicial notice of numerous documents filed in the Pennsylvania Action.  (Dkt. No. 288-3.)  In its opposition, Defendant filed a request for judicial notice of Plaintiff's motion for leave to supplement opposition to Defendant' motion for summary judgment and conduct additional discovery that was filed in the Pennsylvania action.  (Dkt. No. 292-1.) In its reply, Plaintiff filed a request for judicial notice consisting of a transcript of testimony of a hearing before the Pennsylvania district court, and a declaration of Stan Novak filed in the Pennsylvania action.  (Dkt. No. 293-1.)  Neither party has opposed the requests for judicial notice.

Federal Rule of Evidence 201 allows a court to take judicial notice of facts that are either "generally known" or "can be accurately or readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Civ. P. 201(b).  The Court may take judicial notice of proceedings in other courts.  <u>United States ex rel. Robinson Rancheria Citizens Council v. Borneo</u>, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'").  Accordingly, the Court GRANTS both parties' requests for judicial notice.

**Conclusion**

Based on the above, the Court DENIES Plaintiff's motion for reconsideration. The hearing set for December 11, 2015 shall be **vacated.**

IT IS SO ORDERED.


DATED:  December 8, 2015

HON. GONZALO P. CURIEL
United States District Judge

[08CV1987-GPC(MDD)]